# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| THOMAS W. GOLDEN,<br><br>   Plaintiff,<br><br>v.<br><br>THE LAW GROUP, P.C.,<br><br>   Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 for the claims arising under 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), by Defendant in its illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transac-
        tions occurred in Ionia County, Plaintiff resides in Ionia
        County, and Defendant transacts business in Ionia County.

4.      Plaintiff timely filed a written request for exclusion with class
        counsel and counsel for the Defendant in *Bruce Grant v. Sher-
        meta, Adams & Von Allmen, P.C.*, Case No. 1:13-cv-1332,
        presently pending in the United States District Court for the
        Western District of Michigan

## **PARTIES**

5.      Plaintiff Thomas W. Golden is a natural person who resides
        in the County of Ionia, State of Michigan; is a "consumer" as
        that term is defined by 15 U.S.C. § 1692a(3), and/or a person
        affected by a violation of the FDCPA with standing to bring
        this claim under 15 U.S.C. §1692k(a).

6.      Plaintiff is a "debtor" as the term is defined by M.C.L. §
        445.251(d).

7.      Plaintiff is a "consumer" as the term is defined by M.C.L. §
        445.251(d).

8.     Defendant, The Law Group, P.C., (hereinafter "Defendant" or "Shermeta") is a domestic professional corporation.

9.     Defendant has been assigned identification number 120765 by the Michigan Department of Licensing and Regulatory Affairs.

10.    Defendant's principal place of business is 901 Tower Drive, Suite 400, Troy, Michigan.

11.    As of March 27, 2017, Defendant does not have a registered agent listed with the Michigan Department of Licensing and Regulatory Affairs.

12.    Defendant has also operated under the former corporate names of Shermeta, Adams & Von Allmen, P.C., and Shermeta Law Group, P.C.

13.    Shermeta, Adams & Von Allmen, P.C. is an assumed name of The Law Group, P.C.

14.    Defendant uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

15. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. Defendant and its agents are "regulated persons" as that term is defined in the MCPA at M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

18. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal debt owed to Discover Bank ("the Debt").

19. Plaintiff defaulted on the Debt sometime prior to January of 2009.

20. After defaulting on the Discover Bank debt, the debt was assigned, consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

21.   At all relevant times, Defendant's actions were made to advance its goal of collecting a debt from Plaintiff for the benefit of itself and its client.

22.   In October of 2011 Defendant filed a civil complaint, on behalf of Discover Bank, in the 64-A District Court for the County of Ionia, the case number being 11-2219-GC (the "state court matter").

23.   On or about February 15, 2012, a judgment was entered against Plaintiff in the state court matter.

24.   "The amount due is at the heart of a collection action, so misstating that amount by claiming costs that are actually not due, even if only by tens of dollars, is materially misleading for FDCPA purposes." *Williams v Weltman, Weinberg & Reis Co, LPA (In re FDCPA Cognate Cases)*, ___F Supp 3d___; 2016 U.S. Dist. LEXIS 44039, at *28 (W.D. Mich., Mar. 28, 2016).

25.   Under Michigan law, "[i]f the garnishee is not indebted to the defendant, does not hold any property subject to garnishment, and is not the defendant's employer, the

plaintiff is not entitled to recover the costs of that garnishment." MCR 3.101(R).

26. Defendant claimed, in a Request and Writ for Garnishment dated June 18, 2012, that "[t]he total amount of postjudgment costs accrued to date is $10.00." The state court issued the Writ of Garnishment on June 29, 2012.

27. Defendant claimed, in a Request and Writ for Garnishment dated August 27, 2012, that "[t]he total amount of postjudgment costs accrued to date is $29.75." Defendant filed the Request and Writ for Garnishment in the state court lawsuit, naming Isabella Community Credit Union as the garnishee. The state court issued the Writ of Garnishment on September 6, 2012.

28. With respect to the Writ of Garnishment issued September 6, 2012, the garnishee was not indebted to the defendant, did not hold any property subject to garnishment, and was not the defendant's employer.

29. With respect to the Writ of Garnishment issued September 6, 2012, neither Defendant nor Discover Bank has received

any payment from the garnishee in connection with this Writ of Garnishment. Neither Defendant nor Discover Bank were entitled to recover the costs of that garnishment.

30. Defendant claimed, in a Request and Writ for Garnishment dated August 29, 2012, that "[t]he total amount of postjudgment costs accrued to date is: $45.75." Defendant filed the Request and Writ for Garnishment in the state court lawsuit, naming Michigan Department of Treasury as the garnishee. The state court issued the Writ of Garnishment on September 26, 2012.

31. With respect to the Writ of Garnishment issued September 26, 2012, the garnishee was not indebted to the defendant, did not hold any property subject to garnishment, and was not the defendant's employer.

32. With respect to the Writ of Garnishment issued September 26, 2012, neither Defendant nor Discover Bank has received any payment from the garnishee in connection with this Writ of Garnishment. Neither Defendant nor Discover Bank were entitled to recover the costs of that garnishment.

33.  Defendant claimed, in a Request and Writ for Garnishment dated October 22, 2012, that "[t]he total amount of postjudgment costs accrued to date is $67.75." Defendant filed the Request and Writ for Garnishment in the state court lawsuit, naming Bank of America as the garnishee. The state court issued the Writ of Garnishment on October 29, 2012.

34.  With respect to the Writ of Garnishment issued October 29, 2012, the garnishee was not indebted to the defendant, did not hold any property subject to garnishment, and was not the defendant's employer.

35.  With respect to the Writ of Garnishment issued October 29, 2012, neither Defendant nor Discover Bank has received any payment from the garnishee in connection with this Writ of Garnishment. Neither Defendant nor Discover Bank were entitled to recover the costs of that garnishment.

36.  Defendant claimed, in a Request and Writ for Garnishment dated November 26, 2012, that "[t]he total amount of postjudgment costs accrued to date is $95.75." Defendant

filed the Request and Writ for Garnishment in the state court lawsuit, naming JP Morgan Bank, N.A. as the garnishee. The state court issued the Writ of Garnishment on December 11, 2012.

37. With respect to the Writ of Garnishment issued December 11, 2012, the garnishee was not indebted to the defendant, did not hold any property subject to garnishment, and was not the defendant's employer.

38. With respect to the Writ of Garnishment issued December 11, 2012, neither Defendant nor Discover Bank has received any payment from the garnishee in connection with this Writ of Garnishment. Neither Defendant nor Discover Bank were entitled to recover the costs of that garnishment.

39. Defendant claimed, in a Request and Writ for Garnishment dated January 28, 2013, that "[t]he total amount of postjudgment costs accrued to date is $72.75." Defendant filed the Request and Writ for Garnishment in the state court lawsuit, naming Huntington National Bank as the

garnishee. The state court issued the Writ of Garnishment on February 8, 2013.

40. With respect to the Writ of Garnishment issued February 8, 2013, the garnishee was not indebted to the defendant, did not hold any property subject to garnishment, and was not the defendant's employer.

41. With respect to the Writ of Garnishment issued February 8, 2013, neither Defendant nor Discover Bank has received any payment from the garnishee in connection with this Writ of Garnishment. Neither Defendant nor Discover Bank were entitled to recover the costs of that garnishment.

42. Defendant claimed, in a Request and Writ for Garnishment dated April 14, 2014, that "[t]he total amount of postjudgment costs accrued to date is $52.75." Defendant filed the Request and Writ for Garnishment in the state court lawsuit, naming Bank of America as the garnishee. The state court issued the Writ of Garnishment on April 29, 2014.

43.   With respect to the Writ of Garnishment issued April 29, 2014, the garnishee was not indebted to the defendant, did not hold any property subject to garnishment, and was not the defendant's employer.

44.   With respect to the Writ of Garnishment issued April 29, 2014, neither Defendant nor Discover Bank has received any payment from the garnishee in connection with this Writ of Garnishment. Neither Defendant nor Discover Bank were entitled to recover the costs of that garnishment.

45.   Defendant claimed, in a Request and Writ for Garnishment dated September 12, 2014, that "[t]he total amount of postjudgment costs accrued to date is: $52.75." Defendant filed the Request and Writ for Garnishment in the state court lawsuit, naming Michigan Department of Treasury as the garnishee. The state court issued the Writ of Garnishment on October 24, 2014.

46.   With respect to the Writ of Garnishment issued October 24, 2014, the garnishee was not indebted to the defendant, did

not hold any property subject to garnishment, and was not the defendant's employer.

47. With respect to the Writ of Garnishment issued October 24, 2014, neither Defendant nor Discover Bank has received any payment from the garnishee in connection with this Writ of Garnishment. Neither Defendant nor Discover Bank were entitled to recover the costs of that garnishment.

48. Defendant claimed, in a Request and Writ for Garnishment dated June 29, 2015, that "[t]he total amount of postjudgment costs accrued to date is $52.75." Defendant filed the Request and Writ for Garnishment in the state court lawsuit, naming Fifth Third Bank as the garnishee. The state court issued the Writ of Garnishment on July 9, 2015.

49. With respect to the Writ of Garnishment issued July 9, 2015, the garnishee was not indebted to the defendant, did not hold any property subject to garnishment, and was not the defendant's employer.

50.     With respect to the Writ of Garnishment issued July 9, 2015, neither Defendant nor Discover Bank has received any payment from the garnishee in connection with this Writ of Garnishment. Neither Defendant nor Discover Bank were entitled to recover the costs of that garnishment.

51.     Plaintiff has never been employed by any garnishee listed by Defendant or Discover Bank in the state court matter.

52.     Defendant, in its Requests for Writs of Garnishment, illegally added the costs of prior unsuccessful Writs of Garnishment to the unsatisfied judgment balances claimed, thereby misrepresenting the amount allegedly owed by Plaintiff.

53.     Plaintiff was successful on collecting money from a single Writ of Garnishment; while the other eight resulted in no funds being collected.

54.     Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated June 18, 2012.

55. Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated August 27, 2012.

56. Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated August 29, 2012.

57. Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated October 22, 2012.

58. Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated November 26, 2012.

59. Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated January 28, 2013.

60. Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated April 14, 2014.

61.   Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated September 12, 2014.

62.   Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated June 29, 2015.

63.   Plaintiff has suffered an injury in fact traceable to Defendant's conduct that is likely to be redressed by a favorable decision in this matter.

64.   As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages in the form of emotional distress, stress, frustration, and upset, among other negative emotions caused by Defendant's acts and omissions.

## **TRIAL BY JURY**

65.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

66.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

68.   Defendant violated 15 U.S.C. § 1692e.

69.   Defendant violated 15 U.S.C. § 1692e(2)(A).

70.   Defendant violated 15 U.S.C. § 1692e(10).

71.   Defendant violated 15 U.S.C. § 1692f.

72.   Defendant violated 15 U.S.C. § 1692f(1).

73.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT II.
## VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L § 445.251 *et seq.*

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

76. Defendant violated M.C.L. § 445.252(a).

77. Defendant violated M.C.L. § 445.252(e).

78. Defendant violated M.C.L. § 445.252(f)(ii).

79. Defendant violated M.C.L. § 445.252(n).

80. Defendant violated M.C.L. § 445.252(q).

81. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant

to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

**COUNT II.**
**VIOLATIONS OF THE**
**MICHIGAN COLLECTION PRACTICES ACT**
**M.C.L. § 445.251 *et seq*.**

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: March 31, 2017

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Golden Law Offices, P.C.
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com